UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JARVIS WARD, | ) | |
|---|---|---|
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:14-CV-2075 RM |
| | ) | (Arising out of 3:12-CR-128 RM) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

OPINION and ORDER

Jarvis Ward pleaded guilty to one count of racketeering (Count 1) and one count of brandishing a firearm during a crime of violence (Count 5); he was sentenced on September 18, 2013 to consecutive terms of 168 months on Count 1 and 84 months on Count 5 (for an aggregate sentence of 252 months' imprisonment), to be followed by a three-year term of supervised release, and was ordered to pay special assessments of $200.00. Judgment was entered that same day, and no appeal was taken. Mr. Ward is now before the court asking that his sentence be vacated pursuant to 28 U.S.C. § 2255; his petition was filed on December 15, 2014.

The Antiterrorism and Effective Death Penalty Act of 1996 requires that a § 2255 motion be filed within one year of "the date on which the judgment of conviction bec[ame] final." 28 U.S.C. § 2255(f)(1). A petitioner's conviction becomes final when he was sentenced and the deadline for filing a notice of appeal expires.

Clarke v. United States, 703 F.3d 1098, 1100 (7th Cir. 2013); *see also* United States v. Solano, No. 3:11-CR-50, 2014 WL 7236379, at *3 (N.D. Ind. Dec. 16, 2014) ("[N]o direct appeal was taken. Therefore, for the purposes of subsection (f)(1), Mr. Solano's judgment became final when his time to file a notice of appeal expired."). The relevant date for the starting of the one-year clock in this case is October 2, 2013, when the deadline for filing an appeal expired and the judgment became final. Mr. Ward's filing of his petition on December 15, 2014 is outside the one-year limitations period, making the petition untimely.

Mr. Ward couldn't have prevailed with a timely petition. Mr. Ward's plea agreement reveals that he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. That plea agreement, signed by Mr. Ward, his attorney Richard Thonert, and Assistant United States Attorney Donald Schmid, contains this language in paragraph 9(d):

> (d) I understand that the offenses to which I am pleading guilty fall under the Sentencing Guidelines . . . . I am aware that my sentence will be determined in accordance with the statutory maximum listed above, the United States Sentencing Guidelines, and the plea agreement. I agree that the court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offenses as set forth in this plea agreement. With that understanding, I expressly waive my right to appeal my conviction, my sentence and any restitution order to any court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, or any restitution order imposed, or the manner in which my conviction, the sentence, or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742, or any post-conviction

2

>proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Petn. To Enter A Guilty Plea, at 4. Mr. Ward challenges his sentence based on his claims that his counsel provided ineffective assistance by (1) not contesting, objecting, or appealing erroneous aggravating enhancements applied at sentencing, (2) recommending that Mr. Ward enter a guilty plea, which permitted erroneous information contained in the presentence investigation report to be used to enhance his sentence, and (3) failing to object or appeal the government's breach of the plea agreement, which resulted in a misapplication of the advisory guidelines.

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, <u>United States v. Cook</u>, 406 F.3d 485, 487 (7th Cir. 2005), when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, <u>Mason v. United States</u>, 211 F.3d 1065, 1069 (7th Cir. 2000), or when the sentence exceeds the statutory maximum sentence for the offense of conviction. <u>United States v. Bownes</u>, 405 F.3d 634, 637 (7th Cir. 2005).

Mr. Ward said at his change of plea hearing that he told his attorney everything the attorney needed to know to represent him in this case, that his plea was knowing and voluntary, that no one had used any force or made any threats

to get him to plead guilty, that he had discussed the plea agreement with his counsel before the plea hearing, that he and his attorney had reviewed the sentencing guidelines before the plea hearing, that he was guilty of the charges contained in the indictment, and that he was satisfied with the representation his attorney had provided.

Mr. Ward hasn't challenged the plea agreement's waiver provision nor has he claimed that his counsel was ineffective in negotiating the waiver. Mr. Ward's statements at his change of plea hearing — statements made under oath — are presumed to be truthful when determining whether his plea was knowing and voluntary. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The plea agreement clearly and unambiguously sets forth the wavier of his right to appeal and file a § 2255 petition, the court explained the waiver to Mr. Ward during the plea colloquy, and Mr. Ward acknowledged that he understood. Nothing in the plea agreement or Mr. Ward's petition suggests that his waiver of that right was unknowing or involuntary or that he lacked effective counsel in negotiating the terms of the plea agreement. The record supports a finding that Mr. Ward's guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). Based on Mr. Ward's waiver of his right to appeal his conviction and sentence, he can't prevail

on a claim that his counsel was ineffective for not filing the appeal he agreed he wouldn't pursue.

Mr. Ward seeks to overcome the waiver and have his conviction and sentence vacated based on other claims of ineffective assistance of counsel, as well. To succeed, Mr. Ward "must allege that he entered the guilty plea based on advice of counsel that fell below constitutional standards. In other words, he must allege that the plea agreement was the product of ineffective assistance of counsel . . . or tainted by ineffective assistance of counsel." Hurlow v. United States, 726 F.3d 958, 966-967 (7th Cir. 2013). Mr. Ward's claims of ineffective assistance of counsel don't relate to the negotiation of the plea agreement; instead he claims counsel was ineffective in other ways.

Mr. Ward first claims his counsel failed to contest aggravating enhancements that affected his sentence, *i.e*, that he was involved in an assault that resulted in serious bodily injury. According to Mr. Ward, his counsel should have objected to that finding because "in the case at bar the evidence was insufficient to support liability." Petn., at 4. Mr. Ward is mistaken that no evidence showed that he was involved in the alleged offense he references or that the factual basis for his guilty plea was inadequate to support his convictions. Paragraphs 9(a) and (b) of the plea agreement contain Mr. Ward's statements that

> (a) I agree to plead guilty to Counts 1 and 5 of the Indictment, which charge me with racketeering (a pattern of crimes through an enterprise) in violation of Section 1962 of Title 18, United States Code, and aiding and abetting the carrying of a firearm during a drug

5

> trafficking crime/crime of violence, where the firearm was brandished, in violation of Section 924(c) of Title 18, United States Code. I agree to plead guilty to these charges because I am in fact guilty of these offenses.
>
> (b) I admit that these facts are true: In 2010-2012, I was a member of the Cash Out Boyz gang in South Bend, Indiana. This gang was involved in a patter of criminal activity including drug trafficking and violent crimes. Among those crimes were the following. In approximately April 2011, Jarvis Ward and Javon Thomas robbed drug dealer Decarlos Avance of approximately one pound of marijuana. Thomas was armed with a .357 revolver and hit Avance in the head with it during the drug rip-off. Marquis Broadway drove the two to meet with Avance in Haley Smith's white Honda Accord. After the drug rip-off/robbery, Ward was involved in selling marijuana to other persons on at least 15 occasions. In April 2012, for example, Ward possessed several ounces of marijuana; while at Wilber Crawford's house (Crawford was another member of the Cash Out Boyz), Ward sold the marijuana to another person.

Petn. To Enter A Guilty Plea, at 3.

Mr. Ward confirmed at the change of plea hearing that he was guilty of the facts as set out in the plea agreement and that he wanted to plead guilty because he was, in fact, guilty. Thus, the record provides no support for Mr. Ward's belief that the evidence was insufficient to support his conviction or for his conclusory claim in Ground 1 of his petition that his counsel provided ineffective assistance.

Mr. Ward next claims his counsel was ineffective for recommending that he plead guilty without informing him of the possible consequences of his guilty plea. Again, Mr. Ward is mistaken. Mr. Ward agreed in paragraph 9(c) of his plea agreement that he understood

> . . . that the maximum penalties for a violation of Title 18, United States Code, Section 1962(c) as charged in the Indictment are up to

6

> life imprisonment, a $250,000 fine, or a combination of both imprisonment and a fine, as well as a five-year period of supervised release to follow any term of imprisonment, and a mandatory special assessment of $100. I understand that the maximum penalties for a violation of Title 18, United States Code, Section 924(c) as charged in the Indictment – which involved the brandishing of a firearm – are a mandatory minimum of 7 years up to life imprisonment, a $250,000 fine, or a combination of both imprisonment and a fine, as well as a five-year period of supervised release to follow any term of imprisonment, and a mandatory special assessment of $100. I also understand that I could be ordered to pay restitution to the victims in this case.

Petn. To Enter A Guilty Plea, at 3. As noted above, Mr. Ward told the court at the change of plea hearing that he had read and discussed the plea agreement with his counsel before he signed it, that he and his attorney had reviewed the sentencing guidelines prior to the plea hearing, that he was guilty of the charges contained in the indictment, and that he was satisfied with the representation his attorney had provided. Mr. Ward's unsupported statement that "but for counsel's errors, [he] would not have pled guilty and would have insisted on going to trial," Petn., at 4, is insufficient to support his claim that he wasn't aware of the possible penalties or that his counsel provided ineffective assistance in that regard.

Lastly, Mr. Ward claims his counsel was ineffective for failing to object that the government breached the plea agreement. According to Mr. Ward, his "criminal history was erroneously increased" and the court "was presented with an incorrect starting point for its required § 3553(a) analysis." Petn., at 5. He concedes that the court has the authority to impose any sentence within the statutory range, but claims that "the starting point of [the sentencing] process was

flawed because the offense computation level was in error by, at a minimum 10 levels, and the 6 points for criminal history incorrectly calculated." Petn., at 5. Mr. Ward also complains that the court provided no explanation for the sentences imposed.

Mr. Ward has provided no particulars relating to his claims in Ground 3: his petition contains discussions of the sentencing guidelines, the sentencing process, and harmless error standards, but those generalized summaries provide no support for his claim that the government breached the plea agreement or that his counsel was ineffective. In addition, Mr. Ward's claim that the court provided no explanation for the sentences it imposed is belied by the record of this case. *See* Sent. Memo. of Sept. 18, 2013, docket # 267.

"To prevail on his ineffective assistance claim, [Mr. Ward] must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that 'the [alleged] deficient performance prejudiced the defense.' In order to satisfy the prejudice prong, [Mr. Ward] must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984)). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [Mr. Ward] would not have pleaded guilty." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002).

8

Mr. Ward hasn't carried his burden – he hasn't demonstrated that he wouldn't have pleaded guilty had his attorney acted differently, <u>United States v. Peterson</u>, 414 F.3d 825, 827 (7th Cir. 2005), nor has he demonstrated prejudice: he hasn't identified evidence that would have created a reasonable probability of a different outcome, he hasn't outlined facts that could show a reasonable probability that the results in his case would have been different but for counsel's error, and he hasn't outlined facts that could establish that the proceedings were fundamentally unfair or the result unreliable. Mr. Ward hasn't carried his burden with respect to the prejudice prong.

Mr. Ward's petition is untimely, but even if it had been timely filed, the claims of his petition wouldn't entitle him to the relief he seeks. The court SUMMARILY DISMISSES his petition filed pursuant to 28 U.S.C. § 2255 [docket # 309].

SO ORDERED.

ENTERED:   February 6, 2015

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc: J. Ward
AUSA Schmid